CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JONAH P. ROSS (CABN 305076)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3680
    FAX: (510) 637-3724
    E-Mail: jonah.ross@usdoj.gov

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 4:25-mj-71288 MAG [KAW] |
| Plaintiff, | STIPULATION AND PROTECTIVE ORDER[1] |
| v. | |
| BRENDAN MUNRO THOMPSON aka BELLA CASTILLO , | |
| Defendant. | |

With the agreement of the parties, the Court enters the following Protective Order:

Defendant is charged with Assault on a Federal Officer with a Deadly or Dangerous Weapon in

---

[1] This sample Protective Order ("Order") is not intended to cover every situation (*e.g.*, trade secrets or cases in which exposure of protected material could endanger a victim or witness), nor does it cover disclosure of Confidential Source information. Those situations, among others, may require more robust protections than are contained in this sample Order. The Court and the parties should tailor any proposed protective order to suit the needs of a particular case. This Order is also not intended to affect the obligations of either party or the timing of when discoverable materials must be produced. Those obligations are governed by Rule 16 of the Federal Rules of Criminal Procedure, Rule 16-1 of the Northern District of California Criminal Local Rules, and 18 U.S.C. § 3500 and Rule 26.2 of the Federal Rules of Criminal Procedure (the Jencks Act).

violation of 18 U.S.C. § 111(b).  Upon receipt of a discovery request, the United States will produce documents and other materials pertaining to the defendant[s] and the charged offense[s] to defense counsel.

This is a case in which the Defendant is charged with crimes involving victims.  As such, the victims are entitled to certain statutory protections under the Crime Victims' Rights Act, 18 U.S.C. § 3771, including to be treated with fairness and respect for their dignity and privacy.  Accordingly, the parties agree that victim names are "Protected Information."

The discovery to be provided also includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information") [2]:

1. Personal Identifying Information of any individual (other than his or her name), including any person's date of birth, social security number, residence address, telephone numbers, email addresses, driver's license number, names of persons who are minors, or criminal histories ("Personal Identifying Information");

2. Financial Identifying Information of any individual or business, including bank account numbers, credit or debit card numbers, account passwords, and taxpayer identification numbers ("Financial Identifying Information"); and

3. Medical records or other patient information of any individual covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) ("Medical Information").

The United States will identify discovery materials as Protected Information by marking such materials "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or by providing written notice identifying discovery materials as Protected Information.  The government shall exercise reasonable care in determining which discovery materials should be designated as Protected Information in order to avoid the over-designation of discovery materials as Protected Information.

To ensure that Protected Information is not subject to unauthorized disclosure or misuse,

**IT IS HEREBY ORDERED** that defense counsel, their investigators, assistants, employees,

---

[2] Consistent with the prior footnote, the parties may agree to expanded or additional categories of Protected Information, other than those provided in this sample Order.  For example, depending on the facts and context of a specific case, there may be reason to protect additional types of potentially identifying information related to victims.

1  and independent contractors (collectively, "the Defense Team") may review with the defendant all

2  discovery material produced by the government, but shall not provide a defendant with copies of, or

3  permit defendant to make copies of, or have unsupervised access to any discovery material produced by

4  the government that contains Protected Information, unless the Protected Information has first been

5  **entirely redacted** from the discovery materials.  The government and defense counsel are ordered to

6  work together to ensure that these materials are protected, but that defendant has as much access to the

7  materials as can be provided consistent with this Court's order.  Discovery material that clearly pertains

8  to a specific defendant and does not contain Protected Information regarding any other person (*e.g.*,

9  defendant's own bank records, telephone records, and business records) may be provided to that

10  defendant unredacted.

11       The Defense Team may show witnesses Protected Information in the course of preparing a

12  defense for trial or any related proceedings in this case, but only if (i) the witness, by reason of their

13  participation in the underlying events or conduct, would have seen or had reason to know such

14  information, or (ii) it is otherwise relevant to the defense of the case that the Defense Team discuss with

15  or show the witness Protected Information.  Witnesses may only view Protected Information in the

16  presence of the Defense Team.  No witness or potential witness may retain copies of discovery material

17  that contains Protected Information after his or her review of those materials with the Defense Team is

18  complete.

19       Defense counsel may also provide unredacted copies of Protected Information to any experts

20  retained to assist with the preparation of the defense in the captioned case.  The defendant, all members

21  of the Defense Team, and any experts who receive Protected Information under this Order shall be

22  provided a copy of this Order along with those materials and shall sign and date the order reflecting their

23  agreement to be bound by it.

24       The Defense Team shall maintain Protected Information safely and securely, and shall exercise

25  reasonable care in ensuring the confidentiality of those materials by not divulging the contents or

26  permitting anyone to see Protected Information except as set forth in this Protective Order.

27       The materials provided pursuant to this protective order may only be used for the specific

28  purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.

PROTECTIVE ORDER                                                                              3
4:25-mj-71288 MAG

1    This Order shall also apply to any copies made of any materials covered by this Order.

2    **IT IS FURTHER ORDERED** that if a party files a pleading that contains or attaches Protected

3    Information subject to this Order, the Protected Information must be filed under seal (accompanied by a

4    request to file under seal) and redacted from the public filing, unless otherwise ordered by the Court.

5    **IT IS FURTHER ORDERED** that after any judgment or disposition has become final and there

6    are no pending proceedings, challenges, appeals, or habeas motions in the case, counsel for defendant

7    shall either destroy discovery materials containing Protected Information (including any copies) within

8    30 days if the defendant consents to such destruction, or retain the Protected Information and ensure that

9    the Protected Information will continue being kept under the conditions specified in this Order.  After

10   the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to

11   destroy documents and materials subject to this Order.  If defendant is represented by counsel and files a

12   motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and

13   materials subject to this Protective Order under the terms of this Order.

14   This stipulation is without prejudice to either party applying to the Court to modify the terms of

15   any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either

16   party even after the conclusion of district court proceedings in this case.

17   **IT IS SO STIPULATED**                          CRAIG H. MISSAKIAN
                                                        United States Attorney
18

19

20   Dated: 11/06/2025                                  ___/s/_____
                                                        **JONAH P . ROSS**
21                                                      Assistant United States Attorney
                                                        ___/s/_____
22                                                      **KAITLYN R. FRYZEK**
                                                        Counsel for Defendant
23

24   **IT IS SO ORDERED.**

25

26   Dated: November 13, 2025                           _____
                                                        **KANDIS A. WESTMORE**
27                                                      United States Magistrate Judge

28

PROTECTIVE ORDER                                                                                    4
4:25-mj-71288 MAG

**By signing below, I acknowledge that I have been provided and have reviewed a copy of this Order and hereby agree to be bound by its terms:**

| SIGNATURE | DATE |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |