JODI LINKER, Bar No. 230273
Federal Public Defender
Northern District of California
ELISSE LAROUCHE, Bar No. 308533
KAITLYN FRYZEK, Bar No. 340229
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:  (510) 637-3500
Facsimile:  (510) 637-3507
Email:    Elisse_Larouche@fd.org
Email:    Kaitlyn_Fryzek@fd.org

Counsel for Defendant Thompson

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRENDAN (BELLA) THOMPSON,<br><br>Defendant. | Case No.: 25-MAG-71288 (PCP)<br><br>**DEFENSE RESPONSE TO GOVERNMENT'S MOTION TO REVOKE RELEASE ORDER** |

## INTRODUCTION

In response to the government's motion to revoke the magistrate court's release order (Dkt. 22), the defense submits this response in opposition. As discussed in the defense's response to the government's motion to stay (Dkt. 20), Ms. Thompson was released from custody on Friday, November 21. She is now residing with her parents on bail pursuant to the conditions of release as ordered by Magistrate Judge Westmore (Dkt. 24). As noted in the defense's prior filing, Ms. Thompson has no criminal or arrest history, and the magistrate court imposed stringent conditions of

release, including that Ms. Thompson participate in mental health treatment[1], that she reside with her parents in Southern California, and that her parents serve as custodians and as sureties on a $50,000 unsecured bond. Magistrate Judge Westmore fashioned these conditions for release after holding two bail hearings during which Ms. Thompson's parents were present, considering U.S. pretrial service's recommendation for release, and hearing argument from both the government and defense.

## ARGUMENT

### I. Legal Standard under the Bail Reform Act

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The presumption of the Bail Reform Act ("BRA") is release on personal recognizance. 18 U.S.C. § 3142(b) (The judge "shall order the pretrial release . . . ."). Any doubts regarding the propriety of pretrial release are to be resolved in favor of the defendant. *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990).

On a motion for revocation of a magistrate judge's bail order, the standard of review is de novo. *United State v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990).

The BRA created a two-step process to determine whether pretrial detention is appropriate. At step one, the government must demonstrate, as a threshold matter, that it is entitled to seek pretrial detention under 18 U.S.C. § 3142(f). This is not a presumption of detention case. At step one, the government was afforded a detention hearing as the charged offense here is one specifically identified to merit a hearing pursuant to 18 U.S.C. § 3142(f)(1). At step two, the government must demonstrate that there is "no condition or combination of conditions [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community" pursuant to 18 U.S.C. § 3142(e). Where conditions of release are necessary, the BRA contains a "least restrictive conditions" requirement to "reasonably assure" a defendant's appearance and the community's safety. § 3142(c)(1), (e)(1). In making the determination at step two, courts are instructed to consider the following factors, which are enumerated in 18 U.S.C. § 3142(g):

(1) the nature and circumstances of the offense charged, including whether the offense is a

---

[1] The defense provided documentation of the mental health treatment plan to the magistrate court and government and provides that documentation to this Court as well.

DEFENSE RESPONSE TO GOVERNMENT'S MOTION TO STAY RELEASE
*THOMPSON*, 25-MAG-71288 (PCP)

2

crime of violence, a violation of section 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

  (2) the weight of the evidence against the person;

  (3) the history and characteristics of the person, including

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and,

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and,

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government's motion argues that Ms. Thompson is a danger to the community and a flight risk. Given Ms. Thompson's complete absence of criminal history and changes in her circumstances since the offense, particularly related to mental health, the government cannot demonstrate that there are *no conditions* that would *reasonably assure* Ms. Thompson's future court appearances and the safety of the community.

**II.   The BRA factors support that conditions can be imposed to reasonably assure the community's safety and Ms. Thompson's future appearances.**

    **A.   Ms. Thompson's history and characteristics, along with the release conditions imposed, mitigate any potential danger to the community.**

Ms. Thompson's history and characteristics strongly weigh in favor of this Court finding that there are conditions that can be imposed for release. Ms. Thompson is 26 years old. She is a graduate of the University of California Los Angeles. She has no prior criminal history or law enforcement contacts. As the pretrial report indicates, until very recently, she had history of a well-managed mental health disorder and treatment, due to her own commitment to stabilization and the support of her family and friends. Ms. Thompson's strong family ties include her two stable parents who both work as accountants. Her parents traveled from Southern California for both of her bond hearings

and, after questioning by Magistrate Judge Westmore, were found to be acceptable custodians who agreed to report any violations of pretrial conditions to the court. They also signed a $50,000 unsecured bond, backed by their stable jobs, home ownership, and other financial resources. Further, as the pretrial report and materials provided to the magistrate court and this Court indicate, Ms. Thompson's parents are very involved in supporting Ms. Thompson, especially with mental health treatment. As to community ties, Ms. Thompson has resided in California her whole life and, but for the past several years, resided in Southern California, where she has been ordered to reside with her parents. As Ms. Thompson has no criminal history, she has no history of being on parole, probation, or failing to appear for any court hearings.

The defense acknowledges that the nature and circumstances of the offense charged – assault on a federal officer or employee with a deadly or dangerous weapon – are serious and concerning. The driver of a U-Haul truck reversed the truck toward the Coast Guard Island entrance where personnel were stationed. Given the truck's movement and the tense circumstances of the broader situation, according to the government, the Coast Guard personnel have understandably expressed they felt fear, resulting in firing shots at the U-Haul. While personnel noted fears that the truck would run them over or have armed individuals or explosives in the back of the truck, none of these concerns materialized in the facts of this case. Rather, the driver of the U-Haul drove away after shots were fired toward it.

As to the weight of the evidence, the Ninth Circuit has held that this is the least important factor because the court cannot make a pretrial determination of guilt. *United States v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). Further, as the defense previously noted, even if Ms. Thompson can be identified as the driver of the U-Haul truck, it is unclear what the driver's motive and intent were. There are important and unanswered questions about the driver's intentions, plans, mental state, and ability to perceive time and space at the time of the incident. This Court cannot and should not make determinations about the driver's intent at this stage.

Regarding the danger to the community posed by Ms. Thompson's release, any danger can be mitigated by conditions of release. Again, Ms. Thompson has *no criminal history or history of violence*. There is no indication from her past that she will pose a danger to the community.

Moreover, as additional information provided to this Court demonstrates, Ms. Thompson's circumstances have changed since the charged incident occurred. Present release conditions require her to participate in a specific mental health treatment program that she began on November 24, 2025. Ms. Thompson's parents paid for this program and obtained insurance for the program going forward, the details of which were provided to Magistrate Judge Westmore and to this Court. The program meets five days per week, for five hours per day. In addition, argument and documentation were presented to Magistrate Judge Westmore regarding the details of Ms. Thompson's mental health situation, medications, and her stabilization since the charged offense. Ms. Thompson is also living with her parents, rather than independently. She is living in Southern California, rather than the Bay Area. Her parents are her custodians and have put their financial well-being on the line, creating moral suasion for Ms. Thompon to comply with conditions. These circumstances and conditions demonstrate that the safety of the community can be reasonably assured while Ms. Thompson is out on bail and her case is pending.

**B.     The government cannot show that the risk of flight cannot be addressed through conditions, especially in the absence of any prior criminal history or failures to appear.**

The government's risk of flight argument appears to hinge on Ms. Thompson's attempt to run from officers after she asked to use the bathroom at the hospital very shortly after the incident. They also note her alleged few ties to the community and media reports that she was unhoused. "On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk." *United States v. Santos- Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).

First, if Ms. Thompson attempted to flee from officers shortly after the incident while at the hospital, that is not an indication that now, stabilized and understanding the gravity of the circumstances, she would choose not to attend future court hearings and flee. She understands her situation, the importance of attending court, and critically, what is on the line for her parents as sureties should she fail to comply with bail conditions. Her position now is completely different than her mindset shortly after the incident while at the hospital.

Second, the pretrial bail report notes Ms. Thompson's ties to the Northern District, including

two long-term residences in Oakland. She was involved in employment and community associations in the Bay Area. Moreover, she has been ordered to return to Southern California, where she lived her whole life prior to moving to the Bay Area and where she has strong ties with her family.

Third, any concern of her being unhoused and unreachable going forward is unfounded with the release plan that requires her to live at home with her parents.

Ms. Thompson has no history indicating she poses a flight risk given her complete lack of criminal history, no prior failures to appear, and the release plan includes safeguards such as her parents acting as custodians and sureties. Moreover, Ms. Thompson has no financial means to flee.

## CONCLUSION

The BRA presumes release and makes clear that where conditions can be imposed that reasonably assure the defendant's future appearance and safety of the community, the individual should be released pending trial. Ms. Thompson's history and characteristics, along with the robust release conditions and release plan ordered, reasonably assure community safety and future appearances. For these reasons, the defense respectfully requests that the Court deny the government's motion to revoke the magistrate court's release order.

Dated:   November 25, 2025

Respectfully submitted,

JODI LINKER
Federal Public Defender
Northern District of California

_____/S_____
ELISSE LAROUCHE
KAITLYN FRYZEK
Assistant Federal Public Defenders